MASSACHUSETTS AIR POLLUTION
AND NOISE ABATEMENT COMMIT-
TEE et al., Plaintiffs, Appellants,

v.

Claude S. BRINEGAR, as he is the Secre-
tary of Transportation, et al.,
Defendants, Appellees.

Misc. No. 74–8043.

United States Court of Appeals,
First Circuit.

Argued June 12, 1974.

Decided June 12, 1974.

Albert K. Butzel, New York City, with whom Berle, Butzel & Kass, New York City, was on motion and memorandum in support thereof, for appellants.

William A. Brown, Asst. U.S. Atty., Chief, Civ. Div., with whom James N. Gabriel, U. S. Atty., was on memorandum in opposition thereto, for Claude S. Brinegar and Alexander P. Butterfield, appellees.

Neil L. Lynch, Boston, Mass., for Massachusetts Port Authority, appellee.

Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.

PER CURIAM.

This is an appeal from a district judge's refusal to grant a temporary restraining order prohibiting three flights by the Concorde, a supersonic transport (SST), in and out of Boston during the next several days.[1] This is not the setting in which courts ordinarily address themselves to complex, long-term issues. Thus our decision today has no implications whatever for the merits of plaintiffs' claim that there must be an environmental impact statement (EIS) before the Concorde operates within this country.

---

1. Three landings and three departures are scheduled from Logan Airport, the first on June 13, 1974 and the last on June 16, 1974.

█ We act within the constraints of familiar law that the granting or denying of a temporary restraining order is seldom reviewable by an appellate court. The law in this circuit, not unlike that in others, has carved out narrow exceptions where, in effect, an action on a temporary restraining order may be treated as an appealable action on a request for a preliminary injunction. These exceptions are restricted to cases where there has been a full adversary presentation of evidence or where the circumstances are such that if review is refused there is no further possibility of interlocutory relief.

█ Here, because of the exigencies of time, there was no opportunity for a full presentation of evidence by the parties.[2] While plaintiffs would be content to rest on the present record, defendants are not. Perhaps this defect of evidence would not be conclusive if we could say with confidence that on the facts before us plaintiffs' case was so strong that they will probably succeed. But we cannot presently say this. The nexus between the three flights and possible future demonstration flights and the deliberations of the Federal Aviation Administration connected with its consideration of the Concorde's owners' application for a U. S. type certificate is as yet unclear. An evidentiary hearing is needed to clarify the situation. The cited precedents concern factual situations sufficiently different from this as not to be dispositive, although it is clear that environmental law requires that a federal agency involve itself early and continuously with EIS's in considering its programs and projects.

█ When we consider the plaintiffs' continuing prospects for relief if we do not accept this appeal, we see at least two possibilities. The first is that plaintiffs after further proceedings might obtain a declaration or injunction, preliminary or otherwise, if other flights or other situations of this nature are reasonably likely to occur, if the court finds a sufficient connection with the planning for any continuing SST operation. A second possiblity is that the case may be found moot. Given the narrowing concept of mootness developed in recent years, such a finding would in all likelihood indicate that plaintiffs' fears of further flights were groundless.

To the extent that we are in equilibrium as far as the substantive law is concerned and doubtful that further interlocutory relief is foreclosed, we look at the prospects of irreparable harm. In a close case on the prior two issues, we might be persuaded to grant relief if plaintiffs were to suffer serious irreparable injury and defendants were to suffer relatively little or none. Here, however, there is no showing that the three flights in question will seriously damage the environment or people, apart from some incremental annoyance equivalent to the noise and emissions of several added conventional aircraft. The path of take-off and landing over the harbor and the fact that the plane will operate at subsonic speed over land are calculated to minimize such effects. We therefore look on the injury to plaintiffs as perhaps irreparable but not of great magnitude. And we look on the injury to defendants, were we to grant relief, as also irreparable, and though of a different kind, as not being insubstantial.

We therefore are unable to find here the compelling circumstances that would convince us that we have appellate jurisdiction. This ruling is a narrow one. The question of the environmental impact of SST's such as the Concorde is serious and important, and will require the most careful scrutiny. We do not today consider whether regular or frequent operation of SST's will do envi-

---

2. The imminence of the three Boston flights is, of course, undisputed. What is in dispute is whether these are merely isolated occurrences, so that federal permission therefor may not be "major" federal action requiring an EIS or whether, as plaintiffs contend, they are inextricably bound to further sales demonstration flights and to proceedings for U. S. type certification.

ronmental harm, or whether even demonstration and test flights are permitted without environmental impact statements. Nor do we attempt to say when the FAA is obliged to prepare them. All we now say is that we lack appellate jurisdiction over plaintiffs' appeal from the court's denial of their request for a temporary restraining order enjoining the three flights.