Emilien **LEVESQUE**, Plaintiff-Appellant,

v.

**STATE OF MAINE et al.,**
**Defendants-Appellees.**

No. 78–1351.

United States Court of Appeals,
First Circuit.

Argued Oct. 5, 1978.
Decided Nov. 22, 1978.

Sidney St. F. Thaxter, Portland, Maine, with whom Kermit V. Lipez, Curtis Thaxter Corey Lipez & Stevens, Robert E. Mittel and Sewall & Mittel, Portland, Maine, were on brief, for plaintiff, appellant.

Donald G. Alexander, Deputy Atty. Gen., Augusta, Maine, with whom S. Kirk Studstrup, Asst. Atty. Gen., Augusta, Maine, was on brief, for defendants, appellees.

Before ALDRICH, CAMPBELL, and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Plaintiff Emilien Levesque appeals the denial of his request for a temporary restraining order mandating his reinstatement as Commissioner of Manpower for the State of Maine. Since his complaint was framed in terms of a temporary restraining order, we determine at the outset whether the denial of his request is appealable.

■ Temporary restraining orders are normally not appealable. *Massachusetts Air Pollution and Noise Abatement Committee v. Brinegar,* 499 F.2d 125, 126 (1st Cir. 1974); 28 U.S.C. § 1292(a)(1).[1] Exceptions to the general rule of nonappealability arise when the order in reality operates as a preliminary injunction, *see Spencer Companies, Inc. v. Armonk Industries, Inc.,* 489

F.2d 704, 706 (1st Cir. 1973), or when the order is appealable as a final order under 28 U.S.C. § 1291.

To fall within the ambit of the first exception, the requirements we outlined in *Massachusetts Air Pollution, supra,* 499 F.2d at 126, must be met. We must find either that a full adversary hearing has been provided or that, in the absence of review, further interlocutory relief is unavailable.

■ Levesque was Commissioner of the Department of Manpower Affairs for the State of Maine from November 8, 1973, until June 9, 1978. A factual dispute exists as to whether Levesque was removed from his office by Maine Governor James B. Longley without cause, whether he was removed for cause, or whether Longley accepted Levesque's previously tendered resignation. The district court, without articulating a clear resolution of the dispute, nonetheless treated the question as one of removal rather than resignation. It did not resolve the issue of whether the removal was for cause or not.

The trial court denied the requested order reinstating Levesque to his position and denied the request for a pretermination hearing. The court, after analyzing the pertinent statutory and case law, concluded that Levesque did have a property interest in his position sufficient to invoke due process safeguards, but determined that those interests would be protected through a post-termination hearing. In finding Levesque entitled to due process safeguards, the court suggested that defendants begin the process of providing a post-termination hearing, the first step of which was to be completed by July 28, 1978, one month following the lower court's decision. This means, of course, that, in fashioning this order, relief broader than that normally available under a temporary restraining or-

---

1. "(a) The courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]"

der, whose duration is limited to ten days, Fed.R.Civ.P. 65(b), was envisioned by the court.

We think it apparent, given the context of this appeal, that plaintiff is effectively foreclosed from pursuing further interlocutory relief in the form of a preliminary injunction which would request the same remedy to which the court has already determined he is not entitled. Therefore, although both the request and the court order are couched in terms of a temporary restraining order, we think this is the unusual case where denial of a temporary restraining order is tantamount to denial of a preliminary injunction and, hence, appealable under 28 U.S.C. § 1292(a)(1).

We examine the question of whether the court abused its discretion or erred as a matter of law in refusing the injunctive relief requested by plaintiff guided by the strict standard of review available in such instances. *Grimard v. Carlston,* 567 F.2d 1171, 1173 (1st Cir. 1978); *Hochstadt v. Worcester Foundation, Inc.,* 545 F.2d 222, 229 (1st Cir. 1976), *Automatic Radio Mfg. Co. v. Ford Motor Co.,* 390 F.2d 113, 115 (1st Cir.), *cert. denied,* 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968).

█ We confine our analysis to a determination of whether plaintiff met the burden required for obtaining injunctive relief: likelihood of prevailing on the merits; irreparable harm; promoting the public interest; no irreparable harm to defendants. In refusing to order Levesque's reinstatement pending a hearing, the district court found him not entitled to a pretermination hearing. It also found no danger of irreparable harm to plaintiff and the possibility of irreparable harm to the state should plaintiff be reinstated pending his hearing.

In finding plaintiff not entitled to a pretermination hearing, the district court found first that, while Levesque was a high ranking policy employee and thus, more typically subject to summary dismissal, *see, e. g., Elrod v. Burns,* 421 U.S. 347, 367–73, 95 S.Ct. 2673, 49 L.Ed.2d 547 (1975), Maine provided added protection to such employees. The court found that Levesque, under both statutory[2] and case law[3] enjoyed a property interest in his continued employment and that he was entitled to certain procedural safeguards in the event of his being deprived of that interest. *See generally Arnett v. Kennedy,* 416 U.S. 134, 164–71, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Powell, J., concurring); *Perry v. Sindermann,* 408 U.S. 593, 601–03, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 576–78 (1972).

The district court, thereupon, in keeping with principles enunciated in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed. 18 (1976), balanced plaintiff's interest in a pretermination hearing with the state's interest in not holding such a hearing prior to his dismissal. *Cf. Arnett v. Kennedy, supra,* 416 U.S. at 167–71, 94 S.Ct. 1633 (Powell, J., concurring). After this weighing procedure, it found that forcing the state to retain in office a high ranking, policy-making employee such as Levesque, pending a hearing, would undermine orderly government functioning. The court drew a distinction between the administrative difficulties encountered by retention of this level official and the ordinary lower level employee. The Commissioner of Manpower Affairs is the equivalent of a cabinet level position and entails close cooperation and collaboration with the governor. It is difficult to image how, in the absence of the governor's confidence, Levesque could continue to function effectively. Defendants' interest, which is substantial, in smooth governmental functioning would suffer, as would the public interest.

---

**2.** The law under which Levesque was appointed provided that he be removed only for cause. 19 M.R.S.A. § 1401. That law was later amended; the amended form still provided that incumbents could be removed by the governor solely for cause. 1975 Laws of Maine, ch. 771, § 429–A, reprinted at 26 M.R.S.A. § 1401 (Supp.1977–78).

**3.** *See, e. g., Andrews v. King,* 77 Maine 224 (1885); *State v. McLellan,* 117 Maine 73, 76, 102 A. 778 (1918); *Sevigny v. City of Biddeford,* 344 A.2d 34, 40 (Maine 1975).

The lower court stated further than no irreparable harm would be suffered by plaintiff, noting that he continued to receive compensation. While there is nothing in the record to indicate whether Levesque is still receiving some sort of unemployment compensation, plaintiff's possible loss of earnings is not the type of injury which warrants a finding of irreparable injury. *See Sampson v. Murray,* 415 U.S. 61, 89–92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).[4]

The court neither abused its discretion nor erred as a matter of law in concluding that Levesque was not likely to prevail on the merits of his claim to a pretermination hearing. The other elements necessary to sustain a showing for injunctive relief were also found lacking by the district court, *viz.,* a showing of irreparable harm, no harm to defendants, and promotion of the public interest. We see no error in these determinations.

*The order of the district court is affirmed.*

4. Although Levesque has argued that the eleventh amendment stands as a possible bar to his recovering past lost wages, we would point out that the amendment bars suit solely in a federal court. We have been pointed to no authority which suggests that Levesque would be unable to bring suit in state court to recover improperly withheld back wages. Our research suggests the contrary. *See Davies v. City of Bath,* 364 A.2d 1269, 1273 & n. 9 (Maine 1976) (no constitutional provision imposes sovereign immunity in Maine; judicial rejection of the doctrine). *See also Foss v. Maine Turnpike Authority,* 309 A.2d 339, 342–45 (Maine 1973).