Madeleine Leon DE SALAS,
Plaintiff, Appellee,

v.

Alberto BURGOS, Defendant, Appellant.

No. 78–1237.

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1979.

Decided April 5, 1979.

Reina Colon de Rodriguez, Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., with whom Hector A. Colon Cruz, Sol. Gen., San Juan, P. R., was on brief, for defendant, appellant.

Arturo Aponte Pares, San Juan, P. R., with whom Eduardo E. Ortiz, Humacao, P. R., was on brief, for plaintiff, appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and JAMESON, Senior District Judge.*

COFFIN, Chief Judge.

This case involves the question of whether plaintiff-appellee, an employee of the Cooperative Development Administration of the Commonwealth of Puerto Rico, was entitled to a hearing before her employment was terminated. The district court found that the Personnel Regulations of the Administration created such an entitlement under Commonwealth law, and thus, that plaintiff's due process rights had been violated by defendant Administrator Burgos' failure to furnish her a pre-termination hearing. The case was then brought before a jury on the issue of damages. Administrator Burgos was ordered to pay plaintiff $10,000 for actual damages, $25,000 for punitive damages, interest thereon and costs, and was permanently enjoined from removing plaintiff from her position.[1]

Appellant Burgos raises three issues on appeal—that the court erred in concluding that appellee was entitled to a pre-termination hearing, that it erred in finding that he acted in bad faith, and that the damages awarded were not supported by the evidence. We hold that appellee was not entitled under the laws of Puerto Rico to a pre-termination hearing and reverse the judgment below. Accordingly, we do not reach appellant's other arguments.

Appellee's employment problems date back to 1973 when she reported that she was being harassed by her supervisor, Sifredo Cruz Ayala, and requested a transfer. Soon afterwards she was denied a pay raise to which she was presumptively entitled. She then requested a hearing with respect to both problems. An investigation and hearing were ordered by the Acting Administrator, functioning during an absence by Burgos, but little appears to have happened for nearly a year. Finally, a hearing was set for September 26, 1974; her supervisor and others responded with charges of their own; and the hearing was rescheduled for October 3. After she had been informed of the hearing but before it was scheduled to take place, appellee filed suit in federal district court, which suit was dismissed pursuant to Fed.R.Civ.P. 8. On October 1, Burgos, who had returned to his office and apparently read about the suit in the newspapers, informed appellee that her October 3 hearing would not take place and dismissed her from her employment. He further informed her of the purported reasons for her dismissal and advised her that she had the right to file for reconsideration within ten days. If she did so, the matter would be referred to the Administration's Board of Appeals for a hearing. The same day, appellee filed an amended complaint in district court, seeking injunctive relief from "administrative harassment" and claiming that her due process rights had been violat-

---

* Of the District of Montana, sitting by designation.

1. Sifredo Cruz Ayala, director of a division of the Cooperative Development Administration, was also joined as a defendant and the jury awarded the same amount of damages against him as it had against Burgos. The court, however, in a subsequent order prompted by defense motion for judgment notwithstanding the verdict, dismissed the case against Ayala, finding that "[t]here were no facts established at trial against Sifredo Cruz Ayala that would amount to a violation of civil rights under color of state law."

ed when she was dismissed without a hearing. The post-termination administrative hearing was never held, for one day later the court enjoined defendants from removing her from her job.

■■ Appellee's due process claim is dependent on the existence of a property interest "created and . . . defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Therefore, "the sufficiency of the claim of entitlement must be decided by reference to state law". *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). When appellee was dismissed, the governing Commonwealth Personnel Law was Act No. 345 of May 12, 1947, as amended, 3 L.P.R.A. § 641 *et seq.*, since repealed. Act No. 345 divides public employees into three groups, the Exempt, Non-competitive and Competitive Services. Appellee, employed as a financial analyst in the Cooperative Development Administration, is a member of the Exempt Service.

Each of the services is governed by a separate set of rules, described by the Supreme Court of Puerto Rico in *Pastor Lozada v. Canals*, 101 P.R.R. 923, 927–29 (1974):

"Unless otherwise specified by law, or by regulations authorized by law, the situation concerning appointments and removals in those three services is the following. As the name says, the *Exempt Service* is exempt from the provisions of the act and its regulations. In said service the appointing authority has full power to appoint and remove personnel. It may make appointments without taking into consideration previous tests, lists of candidates, or any requirement whatsoever and *any time it deems proper it may also remove an employee without proferment of charges, previous notification, hearing, and consideration of just cause.* It has full power to make appointments or to discharge." (Emphasis added.)

*See Fernando T. Pou Estape v. State Insurance Fund*, No. R–78–349 (Jan. 29, 1979). Members of the Exempt Service thus are entitled to neither a pre-termination nor a post-termination hearing, "unless otherwise specified by law, or by regulations authorized by law", *Pastor Lozada v. Canals, supra.* The Manual of Personnel Rules of the Cooperative Development Administration does provide another relevant source of Commonwealth law. Section 346 of those rules provides:

"Within ten (10) days following the date of notification of any disciplinary action based on the infractions discussed in this manual, the employee affected by such disciplinary action can request a hearing on the case. The Administrator will submit the case to the Disciplinary Committee of the Administration if the recommended action does not involve a dismissal or to the Board of Appeals if it is a dismissal. Once the hearing is held, a report with recommendations will be submitted to the Administrator, and he will notify the employee of the result of the reconsideration."

The personnel rules directly applicable to appellee thus afford her a right to a post-termination hearing with review of the Board's determination and no more. Administrator Burgos informed her of her rights in accordance with these rules, and thus deprived her of no process which she was due.

The district court based its holding that a pre-termination hearing was mandated by Commonwealth law on Rule 317.4 of the Manual of Personnel Rules of the Cooperative Development Administration. That rule provides that: "[t]he employees in the Administration may only be separated for just cause and after a previous proferment of written charges." The court reasoned that the "just cause" requirement must mean that an employee is to be afforded a pre-termination hearing to determine whether just cause in fact supported the dismissal. We disagree. That determination could take place either before or after the dismissal. *See Arnett v. Kennedy*, 416 U.S. 134, 157, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Levesque v. State of Maine*, 587 F.2d 78, 80 (1st Cir. 1978). In this context,

Rule 346 clearly provides that it shall take place "following" the dismissal.

The case of *Lopez, Mayor v. Superior Court*, 90 P.R.R. 299 (1964), heavily relied upon by the district court and appellee, is not authority to the contrary. In that case, the Supreme Court of Puerto Rico held that a municipal officer, governed by the Municipal Law, Act No. 143, § 93 (1960), who was removable only for just cause, could not be dismissed without a pre-termination hearing. But as that Court made clear in *Pastor Lozada v. Canals, supra*, its earlier decision was based on the fact that that officer had "by an express mandate of law, a fixed term of office of four years", and could not be extended to an employee of the Exempt Service whose employment was not for a specified number of years. Moreover, the Municipal Law, as amended, expressly provides for a pre-termination hearing, 21 L.P. R.A. § 1553. The authorities cited by appellee which are based upon § 1553, *Digna E. Guardarrama v. Arroyo*, No. R–78–165 (Jan. 25, 1979); *Soto v. Mayor, Municipality of Bayamon*, 99 P.R.R. 404 (1970), therefore are inapplicable to the instant case.[2]

*Accordingly, the judgment below is reversed.*

---

**2.** The district court believed that this passage in *Pastor Lozada v. Canals*, 101 P.R.R. 923 (1974), called for a pre-termination hearing:

"In other words, for an officer or employee to be entitled to notification and hearing and to be discharged for just cause, any of the following circumstances must be present: that it is expressly established by the law which governs his office or employment, or that the law establishes a fixed term of tenure for his office or employment, or that without it being established, the law requires cause or just cause for his removal."

This passage does not, however, indicate that a *pre*-termination hearing is mandated when the regulations call for just cause for removal. It merely states that a hearing may be mandated under certain specific circumstances, one of which is a "just cause" requirement.