Aracelis FEBUS, on behalf of herself and all other persons similarly situated, Plaintiffs,

v.

Joseph GALLANT, individually and in his official capacity as Commissioner of the Massachusetts Department of Public Welfare, Defendant.

Civ. A. No. 94–30220–MAP.

United States District Court, D. Massachusetts.

Oct. 13, 1994.

Allen G. Rodgers, Mass. Law Reform Institute, Boston, MA, J. Paterson Rae, Western Mass. Legal Services, Inc., Holyoke, MA, Patti A. Prunhuber, Western Mass. Legal Services, Northampton, MA, for plaintiffs.

James S. Whitcomb, Asst. Atty. Gen., Springfield, MA, for defendant.

*MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTIONS FOR CLASS CERTIFICATION AND PRELIMINARY INJUNCTION*

(Docket Nos. 3 & 4)

PONSOR, District Judge.

Counsel for the parties appeared before this court on October 12, 1994 for hearing on plaintiff's motion for preliminary injunction. This memorandum addresses only two aspects of that motion: the request for class certification and the motion for an injunction prohibiting the termination of public assistance benefits to persons who received a notice of termination from the Massachusetts

Department of Public Welfare (the "Department") that incorrectly and misleadingly informed the recipient that their benefits were to be terminated because "you and/or a household member are living outside of Massachusetts and do not intend to return soon."

■ For purposes of this action and pursuant to Fed.R.Civ.P. 23, this court has certified as a class all recipients of benefits under any state or federal financial assistance or benefit program in the Commonwealth of Massachusetts who have been, or will be, sent a notice of termination, reduction or denial as a result of their being identified in a computer match with another state that states that "you and/or a household member are living outside of Massachusetts and do not intend to return soon." The court finds that 1) the class is so numerous (over 600 persons) that joinder of all members is impracticable, 2) the central questions of law and fact are common to the class, 3) the claims or defenses are typical of the class, and 4) the representative party will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23.

■ With regard to the motion for preliminary injunction, the court finds as follows. Beginning in the latter half of 1994, the defendant, Commissioner of Public Welfare, issued notices of termination containing the language quoted above to some 289 public assistance case recipients involving at least 604 individuals. The precipitant of these notices was the Information Exchange Agreements that defendant, Commissioner Gallant, entered into with state welfare agencies from Connecticut, New York, New Hampshire, Rhode Island, Vermont and Maine. These agreements set in motion a computer based data exchange to determine if welfare recipients in any of these states were "double dipping", i.e. unlawfully collecting benefits from Massachusetts and a neighboring state.

The computer program used by the Department searched the public assistance benefit rolls of these states to determine if the names and social security numbers on the neighboring states' welfare rolls matched with those of persons receiving benefits in Massachusetts. If the Department found a "match" indicating that a recipient's name or social security number appeared on the welfare rolls of another state, and the individual was receiving benefits from the Commonwealth, the Department began a review process that in many cases led to that person being sent a notice of termination of benefits. Although the *actual* reason for issuance of the termination notice was the computer "match," the reason for termination *provided in the notice* misleadingly stated that "you and/or a household member are living outside of Massachusetts and do not intend to return soon."

This language is obviously very confusing, as well as inaccurate. It fails to provide the welfare recipient with an adequate basis to contest the termination of benefits and, for that reason, does not comport with the minimum requirements of constitutional due process. *See Henry v. Gross,* 803 F.2d 757 (2nd Cir.1986). Moreover, the language used in the notice does not meet the regulations promulgated under governing federal law. *See* 45 C.F.R. § 205.10(a)(4)(i)(B) (Aid to Families with Dependent Children); 7 C.F.R. § 273.13(a)(2) (Food Stamps); 42 C.F.R. § 431.210 (Medicaid).

The absurdity of the notice has been exquisitely highlighted by the affidavits submitted by plaintiff. When the affiants, all welfare recipients, contacted the Department with clear documentary proof of current residence in Massachusetts, they were informed (for the first time) that this documentary evidence was irrelevant since the "real" reason for termination was the computer match.

The harmful impact of this misleading notice has been exacerbated by the fact that, as plaintiff's evidence shows, in a significant number of cases the termination notice was not justified, i.e., the supposed "match" produced a false positive. The wrong people were being removed from the rolls. The mere existence of an "open" welfare file on one family member in a neighboring state was sufficient to trigger issuance of a termination notice for the whole family, even if the Massachusetts aid recipient had moved long before and was no longer receiving aid from that state. No effort was made by defendant

to confirm actual duplication of benefits in two jurisdictions.

■ The four requirements that a plaintiff must demonstrate for the issuance of a preliminary injunction are: 1) a probability of success on the merits of the claim; 2) the danger of irreparable harm; 3) the balance of hardship in plaintiff's favor; and 4) furtherance of the public interest. *Associated Builders v. Mass. Water Resources Auth.*, 935 F.2d 345, 350 (1st Cir.1991); *Levesque v. State of Maine*, 587 F.2d 78, 80 (1st Cir. 1979).

■ Based on the findings above, the court must conclude, at least with respect to the initial notice sent out by the Department, that the plaintiff has met this standard. It is apparent that the termination notice discussed above does not give plaintiffs notice sufficient to allow a meaningful defense against the Department's impending action. Myriad cases establish defendant's obligation in this regard. *See, e.g., Henry v. Gross*, 803 F.2d at 767. Plaintiffs have therefore demonstrated a high probability of success on the merits of their case as to this inadequate notice.

The danger of harm is immediate and severe, since an erroneous computer match may result in the complete termination of benefits to the recipient and his or her family members. Plaintiffs' affidavits confirm that this fear is not hypothetical. The possibility of an oral clarification (assuming the recipient is able to contact a welfare worker) and the existence of an appeals procedure are not enough to undo the mischief caused by the defective notice.

At the same time, the court is not convinced that the additional administrative tasks that the defendant will have to carry out are comparable to the hardships that will befall recipients whose benefits are terminated. Nor will the public interest be served by removing proper, needy recipients from the public assistance rolls because of inadequate and misleading notice.

For the foregoing reasons the court has, by separate order, issued a preliminary injunction. Nothing in this order is intended to require the defendant to pay back lost benefits. Similarly, this order is not directed at welfare recipients who may have received, or will receive in future, a notice containing language that fairly and accurately states the reason for termination. The issue of defendant's obligation with regard to future terminations based on computer "matches" will be discussed in a separate order.

The court has carefully considered defendant's suggestion that persons already terminated as a result of the defective notice simply be re-noticed, without reinstatement, and has rejected the proposal for several reasons. First, re-notification may not be sufficient to insure that eligible persons find their way back onto the rolls. Their confusion may only be worse compounded. Second, *Foggs v. Block*, 722 F.2d 933 (1st Cir.1983), *rev'd on other grounds sub nom., Atkins v. Parker*, 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985), is inapposite. The court is not ordering back benefits, and the state will not be prevented from promptly initiating proper termination procedures against ineligible persons. Third, it may not be assumed that persons terminated to date via the improper notice have, by not objecting, impliedly conceded their ineligibility. The defendant's notice was so misleading that any inferences of this sort would be pure speculation.

It is So Ordered.

### ORDER CERTIFYING CLASS

It is hereby Ordered that this action shall be maintained and is hereby certified as a class action on behalf of the following class: all recipients of benefits under any state or federal financial assistance or benefit program in the Commonwealth of Massachusetts who have been, or will be, sent notices of termination, reduction or denial as a result of their being identified in a computer match with another state as receiving public assistance benefits in two different states, when their pretermination notice stated as the reason for possible termination that "you and/or a household member are living outside Massachusetts and do not plan to return soon."