39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard E. MEARS, Plaintiff-Appellant,
v.
STATE OF NEW MEXICO; Eloy Mondragon, Secretary, New Mexico
Department of Corrections; Gary Stotts, Secretary, Kansas
Department of Corrections; Donald K. Hoover, Classification
Bureau Chief for New Mexico Department of Corrections; John
Thomas, Warden, Penitentiary of New Mexico; Carlos
Toers-Bijns, Warden of Operations for Central New Mexico
Correctional Facility; Frances Rodriguez, Property Room
Correctional Officer at Penitentiary; John/Jane Doe, I,
Agent, Employee, Representative of New Mexico Department of
Corrections, Defendants-Appellees.
 No. 94-2146.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff Richard Mears has filed a notice of appeal from an order of the district court denying his motion for a temporary restraining order and/or preliminary injunction. Plaintiff also has moved this court for an injunction pending appeal. This court has a duty to inquire into its own jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989); see also Alexander v. Anheuser-Busch Cos., 990 F.2d 536, 538 (10th Cir.1993)(court may raise jurisdictional question sua sponte). Because we conclude that this court lacks jurisdiction to entertain plaintiff's appeal, we dismiss.
 
 
 2
 Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C.1983, asserting several claims of constitutional violations all related to his allegations that defendants confiscated and destroyed his word processing equipment, legal materials, and legal research. Plaintiff also filed a motion for a temporary restraining order and/or preliminary injunction, requesting that the district court order defendants to return his property. The district court denied the motion, finding that plaintiff had not established his need for emergency relief. It is from this order that plaintiff appeals.
 
 
 3
 Pursuant to 28 U.S.C. 1291, this court has jurisdiction to entertain appeals from final district court orders. An order is final when it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Utah State Dep't of Health ex rel. Utah v. Kennecott Corp., 14 F.3d 1489, 1492 (10th Cir.1994)(quoting Catlin v. United States, 324 U.S. 229, 233 (1945)), cert. denied, --- S.Ct. ----, 1994 WL 397302, 63 U.S.L.W. 3067 (U.S. Oct. 3, 1994). Here, plaintiff's civil rights claims have not been adjudicated, and therefore, it is clear that the order is not final and appealable under 1291.
 
 
 4
 However, in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949), the Supreme Court crafted an exception to the finality rule of 1291. In order to come within this exception, known as the collateral order doctrine, an order must 1) conclusively dispose of the disputed question, 2) resolve an important question which is completely separate from the merits of the action, and 3) be effectively unreviewable on appeal following final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). All three requirements must be satisfied before jurisdiction becomes available under the exception. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988). Here, plaintiff has failed to satisfy any of the requirements. Consequently, review under this collateral exception to the finality rule of 1291 similarly is unavailable.
 
 
 5
 Next, we must examine whether this court has jurisdiction to entertain plaintiff's appeal under 28 U.S.C. 1292(a)(1) which features two distinct strands of analysis. The first strand provides for appeal from an interlocutory order which expressly grants or denies injunctive relief. "An interlocutory order expressly denying or granting an injunction fits squarely within the plain language of 1292(a)(1) and need not make the additional showings required in the second strand of analysis." Utah State Dep't of Health ex rel. Utah, 14 F.3d at 1496. The second strand "applies to orders with the " 'practical effect' " of granting or refusing an injunction." Id.
 
 
 6
 In its order denying plaintiff's request for relief, the district court referred to his motion as a motion for a temporary restraining order. Ordinarily, denial of a temporary restraining order is not appealable. Office of Personnel Management v. American Fed'n of Gov't Employees, 473 U.S. 1301, 1303-04 (1985). However, this restriction is subject to two exceptions. The order is appealable if it " 'operates as a preliminary injunction, or when the order is appealable as a final order under 28 U.S.C. 1291.' " Populist Party v. Herschler, 746 F.2d 656, 661 n. 2 (10th Cir.1984)(quoting Levesque v. Maine, 587 F.2d 78, 79 (1st Cir.1978)).
 
 
 7
 We have already ascertained that the order is not appealable as a final order under 1291. In order for plaintiff to establish appellate jurisdiction of an order not specifically labeled an injunction, but arguably having that effect, he must establish the requirements of the second strand of analysis under Utah State Dep't of Health ex rel. Utah. Plaintiff must show 1) that the interlocutory order had the same "practical effect" as a ruling on a request for injunctive relief, 2) that the order has irreparable consequences, and 3) that the order is one that can be effectively challenged only through immediate appeal. Carson v. American Brands, Inc., 450 U.S. 79, 83-84 (1981); see also MAI Basic Four, Inc. v. Basis, Inc., 962 F.2d 978, 981 (10th Cir.1992).
 
 
 8
 Here, even if we were to conclude that the district court's order effectively denies injunctive relief, plaintiff has failed to show irreparable consequences, or that his claim will be destroyed if not immediately reviewed. Therefore, we determine that jurisdiction does not attach under 1292(a).
 
 
 9
 Consequently, plaintiff's appeal No. 94-2146 is DISMISSED for lack of appellate jurisdiction. Plaintiff's motion for an injunction pending appeal is DENIED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470