# United States Court of Appeals
## For the First Circuit

No. 09-1911

FIDEICOMISO DE LA TIERRA DEL CAÑO MARTÍN PEÑA,

Plaintiff, Appellant,

v.

LUIS G. FORTUÑO, in his official capacity as Governor of
the Commonwealth of Puerto Rico; ANTONIO M. SAGARDÍA-DE JESÚS,
in his official capacity as Secretary of Justice of the
Commonwealth of Puerto Rico; MUNICIPALITY OF SAN JUAN;
JORGE SANTINI, in his official capacity as the Mayor of
the Municipality of San Juan; AUTORIDAD DE ENERGÍA ELÉCTRICA
DE PUERTO RICO (AEE); AUTORIDAD DE CARRETERAS;
ADMINISTRACIÓN DE TERRENOS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Ripple,[*] and Boudin,
Circuit Judges.

Judith Berkan, with whom Mary Jo Méndez, Berkan/Méndez, and
Pedro J. Saadé, of the Clínica de Asistencia Legal de la Escuela de
Derecho de la Universidad de Puerto Rico, were on brief for
appellant.
Eliezer Aldarondo-Ortiz, with whom Aldarondo & López Bras,
Eliezer A. Aldarondo, Claudio Aliff-Ortiz, Michael C. McCall,
Mercado & Soto Law Offices, and Francisco J. Amundaray, were on

---

[*] Of the Seventh Circuit, sitting by designation.

brief for appellees the Municipality of San Juan and Mayor Jorge Santini.

Carlos E. Cardona-Fernández, with whom M & C Consultores Jurídicos, CSP, was on brief for appellee Administración de Terrenos.

Maymí, Rivera & Rotger, P.S.C. and Ángel Rotger Sabat, on brief for appellees Luis G. Fortuño and Antonio M. Sagardía-De Jesús.

Raúl Castellanos-Malavé, on brief for appellee Autoridad de Carreteras.

Orlando Durán-Medero, Miguel Pagán, and Pagán & Pagán Law Offices, on brief for appellee Autoridad de Energía Eléctrica de Puerto Rico.

_____

September 17, 2009

_____

**Per Curiam**.  The basic principles that must guide our inquiry are well-established.  Although a denial of a preliminary injunction is appealable, 28 U.S.C. § 1292(a)(1), this statutory authorization is to be construed strictly.  Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 36 (1st Cir. 2006).  A denial of a temporary restraining order ("TRO") is ordinarily not appealable, San Francisco Real Estate Investors v. Real Estate Invest. Trust of America, 692 F.2d 814, 816 (1st Cir. 1982).  It is appealable only if it has the practical effect of refusing an injunction, if it might have a serious, perhaps irreparable consequence, and if the order can be effectually challenged only by immediate appeal.  Carson v. American Brands, Inc., 101 S. Ct. 993, 996-97 (1981).  Under our case law, an order has the practical effect of refusing an injunction if there has been a full adversary hearing, or, in the absence of review, further interlocutory relief is unavailable.  Levesque v. State of Maine, 587 F.3d 78, 79 (1st Cir. 1978).

## I.

Applying these principles to the early proceedings before the district court, we cannot characterize the district court's rulings as the denial of a preliminary injunction.

The Trust first moved only for a TRO.  It attempted to comply with the procedures required for a TRO.  It filed its request on a Friday; that request was denied promptly on the

-3-

following Monday. The Trust next filed an "Urgent Motion for Relief Related to Issuance of TRO, Scheduling of Hearing on Preliminary Injunction and Recusal." This submission was devoted mostly to the TRO with a request "in the alternative," for a preliminary injunction.[1] One week later, the district court denied this second motion, saying that it was denying a motion for reconsideration of the TRO and denying the Trust's request for a hearing on or before July 3. The district court did not give a reason for its denial, which is permissible in denying a TRO but not permissible in denying a preliminary injunction. See Fed. R. Civ. P. 52. Indeed, the district court never stated that it was denying a preliminary injunction. Moreover, neither of the plaintiff's motions had developed, to any meaningful degree, an argument for why the Trust would succeed on the merits. The motions simply evinced a desire for quick, temporary relief, the precise function of a TRO.

The characterizations of the parties and of the district court are not dispositive. However, it is important to note that the district court's method of proceeding here was no radical departure from the usual course. Preliminary injunctions and TROs are often requested together. The denial of a TRO does not become appealable if, before resolving the preliminary injunction, the

---

[1] As discussed more fully below, we believe that the plaintiffs have made, with sufficient clarity, a request for a preliminary injunction.

-4-

district court denies a motion for reconsideration of the TRO or issues an order focusing the parties on particular issues that must be addressed in later proceedings. Such a rule effectively would deprive district courts of the ability to manage effectively the initial phases of such litigation.

Moreover, the district court's order cannot be construed reasonably as having the practical effect of denying a preliminary injunction. We have held that proceedings have the practical effect of denying a preliminary injunction where the district court struck the request for injunctive relief from the complaint, Plymouth County Nuclear Information Committee, Inc. v. Boston Edison, 655 F.2d 15, 17 (1st Cir. 1981); where the district court determined that the plaintiffs lacked standing to seek injunctive relief, Anderson v. City of Boston, 244 F.3d 236, 239 (1st Cir. 2001); where the district court made findings on the merits that foreclosed the claims for injunctive relief, Clair Intern., Inc. v. Mercedes-Benz of North America, Inc., 124 F.3d 314, 315, 318-19 (1st Cir. 1997); where the district court granted a motion to intervene but denied the intervenors the opportunity to raise new claims, Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 552 (1st Cir. 1982); where the district court denied a TRO on the merits with a thorough explanation and consideration of case law, Levesque, 587 F.3d at 79; and where the district court denied a "Motion for Hearing on Motion for Relief Preserving the Status

Quo." Silva v. Romney, 473 F.2d 287, 288-89 (1st Cir. 1973). In Carson itself, the Supreme Court found that rejection of a proposed consent decree that would have provided forward-looking relief was the practical equivalent of the denial of an injunction. 101 S. Ct. at 995-96. None of those cases are similar to this case because, in all of those cases, the district court had made clear that it was foreclosing the requested relief. Here, by contrast, further interlocutory relief is available to the Trust. When the district court denied the Trust's Urgent Motion, it stated only that it was denying reconsideration of the TRO and an immediate hearing. It did not claim to deny an injunction, and it did not discuss the merits in any way that would indicate that an injunction was foreclosed. In fact, it did just the opposite; by ordering the parties to brief three jurisdictional issues (and later added a fourth) by the due date of the Answer, the district court gave every indication that it is working to resolve threshold matters in order to clear the way for a definitive, reviewable ruling on the preliminary injunction.

The Trust emphasizes that it clearly has set forth the irreparable harm it will suffer in the interim. This argument has not yet been assessed in an adversary context. Nor has the district court had the opportunity to assess the likelihood of success on the merits.

-6-

Accordingly, the appeal from the orders of the district court must be dismissed for want of appellate jurisdiction.

## II.

Since we are without appellate jurisdiction to review the district court's orders, the Trust asks us to issue a writ of mandamus to require the district court to decide the motion for a preliminary injunction.  We decline to do so.  Mandamus can be appropriate in those rare cases where the issuance (or non-issuance) of an order (1) raises a question about the limits of judicial power, (2) poses a risk of irreparable harm to the appellant, and (3) is plainly erroneous.  Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004).  The present record does not justify such extraordinary relief.

As a threshold matter, the Trust did make an adequate request for a preliminary injunction.  In its Urgent Motion, it mentioned a "preliminary injunction" in the title of the motion and again almost immediately in paragraph 3 of the introduction.  The alternative request for a preliminary injunction appears again in the final paragraph of the Urgent Motion.

A district court may not deprive a party of judicial review by declining to rule, Mitsubishi Intern. v. Cardinal Textile Sales, 14 F.3d 1507, 1515 (11th Cir. 1994) (citing 11 Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 2962, at 614 (West 1973)).  However the record does not support the

conclusion that the district judge has done so here. When the district court denied the TRO, it also ordered simultaneous briefing of three jurisdictional issues: whether the Trust had juridical personality, whether a trust could own title to property under Puerto Rican law, and whether Pullman abstention was appropriate. These briefs were to be due on the same date as the motion to dismiss, with simultaneous reply briefs due two weeks later, on the same date as the Trust's response to any motion to dismiss. On July 9, the district court ordered briefing of an additional issue: whether the government may transfer title of lands from the Corporation to another public entity. Thus, in ordering accelerated briefing of the issues that it found salient, the district court has demonstrated its desire to gather expeditiously the necessary information to make a ruling on the preliminary injunction. Since the briefing due dates, the court has been waiting for the parties to submit translations of Spanish-language documents. When the Trust filed its reply brief on August 14, it also filed a motion requesting 30 days to submit translations of the Spanish-language documents that it had submitted. The district court denied the motion and ordered that the translations be submitted by August 28. Upon reconsideration, the court shortened this to August 21. The date was then moved back to August 28 at the urging of the Trust. Since then, the

court has been making an effort to navigate controversies about the translations.[2]

While it would have been helpful to the parties and to us to have a better description of the district court's intended course of proceeding, we must conclude that, at this point, it has given promising indications that it is working toward fulfilling its obligations. We expect that a reviewable ruling on the preliminary injunction will soon be forthcoming.[3] Issuance of a writ of mandamus is therefore decidedly premature.

Accordingly, the petition for mandamus is denied without prejudice.

---

[2] For example, the defendants moved to strike the documents from the record on September 1. The court ordered the Trust to respond by September 4. The court subsequently ordered that any reply be submitted by September 8.

[3] As part of its ruling, the district court should make a finding on the issue of whether the Trust is a public or private entity.