# United States Court of Appeals
## For the First Circuit

No. 14-2250

CHIDIEBERE NWAUBANI,

Plaintiff, Appellant,

v.

DIVINA GROSSMAN, in her official capacity as Chancellor,
University of Massachusetts Dartmouth, and in her individual
capacity, et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Thompson, Circuit Judges.

Eric Nwaubani on brief for appellant.
Maura Healey, Attorney General, Dierdre Heatwole, Special
Assistant Attorney General, General Counsel, and Denise Barton,
Assistant Counsel, on brief for appellees.

November 25, 2015

**THOMPSON**, **Circuit Judge**.  This appeal arises out of a district court's decision to combine a preliminary injunction hearing with trial under Federal Rule of Civil Procedure 65(a)(2). We dismiss the appeal for lack of appellate jurisdiction.

## BACKGROUND

In 2005, Chidiebere Nwaubani ("Nwaubani") was hired as the director of the African American Studies Program at the University of Massachusetts at Dartmouth, and then subsequently also appointed as a tenured Associate Professor in the university's History Department.

Over the years, Nwaubani's relationship with the university got rocky.  For our purposes, we need not delve too far into these details, but suffice it to say that the crux of the conflict centered on disagreements about Nwaubani's performance as director of the African American Studies Program and on Nwaubani's efforts to get out from under the thumb of the History Department, whose negative annual evaluations in 2006-07 and 2007-08, Nwaubani says, resulted in his being passed over for a promotion to full Professor status in subsequent years.  Things came to a head and Nwaubani was placed on unpaid administrative leave on July 10, 2013, and then notified on November 8, 2013 that the university had commenced termination proceedings against him.

This prompted Nwaubani, represented by counsel, to file suit, alleging various causes of action, including claims under 42

- 2 -

U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. Nwaubani filed his original complaint on October 11, 2013, but filed on January 28, 2014 an amended complaint and a separate motion for preliminary injunction, requesting that the district court order the ongoing termination proceedings be halted and Nwaubani be reinstated as director of the African American Studies Program.[1] The defendants moved to dismiss this first amended complaint on the ground that it failed to comply with Federal Rule of Civil Procedure 8(a).[2] The district court denied the motion without prejudice, and instead directed Nwaubani to amend the complaint to comply with Rule 8.

On March 14, 2014, Nwaubani filed his second amended complaint, along with an amended motion for preliminary injunction (which more or less requested the same relief as the first motion for preliminary injunction). Now here is how the case came to be before us today. The defendants moved to dismiss the second amended complaint on April 18, 2014, again arguing that it still

---

[1] Nwaubani also asked for backpay, release of various documents related to his salary, reinstatement of access to his official mailbox, and that the defendants be enjoined from all further communication with him.

[2] The defendants argued that Nwaubani's 721-paragraph first amended complaint was not a "short and plain statement" of his claims, see Fed. R. Civ. P. 8, and that the allegations and claims were excessively long and redundant.

suffered from the same pleading defects, and as such did not comply with Rule 8. They also contended that the claims against some of the defendants should be dismissed on administrative exhaustion grounds. On June 10, 2014, the district court held a hearing on the motion to dismiss, at which Nwaubani's counsel did not show up.[3] By electronic order issued that day, the district court both granted in part and denied in part the motion to dismiss the second amended complaint (on the written briefs, since no hearing was held), and also sua sponte combined the motion for preliminary injunction with a trial on the merits, pursuant to Federal Rule of Civil Procedure 65.[4]

---

[3] The district court gave the parties notice of the hearing on May 14, 2014. On May 23, 2014, Nwaubani's counsel filed a consent motion to continue the hearing, citing the death of a family member in Nigeria as the reason for the request. The district court denied the request by electronic order that same day. Nwaubani's counsel then filed, on the morning of the hearing, an Emergency Motion to Continue the Hearing, explaining that because of flight delays on his trip back from Nigeria, he could not be present at the hearing after all. The district court again denied the emergency motion by electronic order that morning. Nwaubani's counsel then informed the court's clerk by telephone that he would, in fact, attend the hearing, but after the court waited an hour, it became clear Nwaubani's counsel would not show up, and the court proceeded to call the matter.

[4] The full text of the entry on the electronic docket reads:

ELECTRONIC Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 6/10/2014 re 33 MOTION to Dismiss Second Amended Complaint filed by William Hogan, Deborah Majewski, Anthony Garro, Alex Fowler, Mark Santow, Carol Santos, Jean MacCormack, James Griffith, Robert Caret, Henry Thomas, III,

The university terminated Nwaubani on June 18, 2014. The next week, Nwaubani's counsel filed two motions for reconsideration of the district court's June 10, 2014 order, which combined the preliminary injunction hearing with trial. He now appeals that order, along with the district court's denials of his motions for reconsideration.

During the pendency of this interlocutory appeal, the district court has proceeded with the case, which is currently in the summary judgment phase below.[5]

---

Jeannette Riley, John Farrington, Divina Grossman. Counsel for the plaintiff does not appear. The Court enters the following Order without oral argument and based only on the papers granting in part and denying in part 33 Motion to Dismiss; Counts 2-28, 48 and 51 are dismissed because they don't state a cause of action; denying 41 Motion to Substitute Response. The motion for preliminary injunction is combined with trial on the merits according to Rule 65(b). This Court will continue to preside over this case based on this ruling. The Court requests defense counsel confer with plaintiff's counsel to determine a trial date.

[5] As a general matter, an "interlocutory injunction appeal under § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case." 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3921.2 (3d ed. 1998). Before dispositive motions were filed, the case was also referred to a magistrate judge for a settlement conference, but the settlement effort failed.

**DISCUSSION**

Federal Rule of Civil Procedure 65(a)(2)[6] provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). Nwaubani does not dispute that the district court had authority under Rule 65(a)(2) to consolidate the preliminary injunction hearing with trial, but argues that it did so improperly when it ordered consolidation without also expediting trial. As we discuss below, we lack jurisdiction to review the district court's order, so the appeal is dismissed.

Although, as a general rule, an order must be final before we may consider it on appeal, see 28 U.S.C. § 1291, we have appellate jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions," 28 U.S.C. § 1292(a)(1). Section 1292(a)(1)'s limited exception to the finality principle, however, must be "strictly construed" and any "[d]oubts as to [its] applicability . . . are to be resolved against immediate appealability," Morales Feliciano v. Rullan, 303

---

[6] The district court's electronic order incorrectly cites Federal Rule of Civil Procedure 65(b), which governs temporary restraining orders, for the authority to consolidate a preliminary injunction hearing with the trial on the merits, but we will assume the district court intended to cite Rule 65(a)(2), which permits such consolidation.

F.3d 1, 6-7 (1st Cir. 2002), in keeping with the "general congressional policy against piecemeal review," Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981).

Where an interlocutory order does not expressly deny injunctive relief, as is the case here, a party may only appeal if (1) the district court's decision had the practical effect of denying injunctive relief; (2) the denial of injunctive relief would "cause serious (if not irreparable) harm"; and (3) the order can effectively be challenged only through an immediate appeal. Watchtower Bible & Tract Soc. of N.Y., Inc. v. Colombani, 712 F.3d 6, 12 (1st Cir. 2013) (citing Carson, 450 U.S. at 83-84). Here, even if we assume Nwaubani has met the first and second requirements, he cannot meet the third, so we lack appellate jurisdiction.

As to the first requirement, Nwaubani argues that because the district court consolidated the preliminary injunction hearing with trial but never held an expedited trial, the consolidation order had the effect of denying a preliminary injunction. Indeed, the district court's docket reveals that in the year-and-a-half since the consolidation order was entered, the court has continued to proceed with the case, but to date has neither held nor scheduled a consolidated merits proceeding. In the last line of its consolidation order, the district court did request that "defense counsel confer with plaintiff's counsel to

determine a trial date," but it is unclear from the record and from the parties' briefs whether the consolidated proceeding was never scheduled because of a failure on the court's part or because the parties failed to follow up on the court's request.[7] If, for example, the district court improperly refused to hold an expedited merits proceeding, Nwaubani's argument that the consolidation order effectively foreclosed him from a preliminary injunction may have some merit. Cf. Fideicomiso De La Tierra Del Caño Martín Peña v. Fortuño, 582 F.3d 131, 133-34 (1st Cir. 2009) (per curiam) (holding that the district court's denial of a temporary

---

[7] Regardless, we are troubled that the district court, in consolidating the preliminary injunction hearing with a trial on the merits may have unfairly put Nwaubani (over his objection) in a position where he was forced to forego a ruling on his interlocutory request for injunctive relief in order to conduct adequate discovery to prepare for a trial on the merits. See Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment ("The fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction, . . . [in fact,] to consolidate the proceedings will tend to expedite the final disposition of the action.").

As Judge (later Justice) Stevens, writing for the Seventh Circuit, has observed, "[a]t times, particularly if the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery, consolidation may serve the interests of justice," but "[a] litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial." Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d 1055, 1057 (7th Cir. 1972). We are concerned that the district court may have inappropriately used Rule 65(a)(2) to impose such a Hobson's choice here.

restraining order did not have the practical effect of denying a preliminary injunction because "further interlocutory relief" remained available, and the court "gave every indication that it [was] working to resolve threshold matters in order to clear the way for a definitive, reviewable ruling on the preliminary injunction"). For our purposes today, however, we need not decide whether the consolidation was an effective denial -- we will assume it had the practical effect of denying a preliminary injunction and that the first requirement is met.

Moving on to the second requirement, we likewise assume, favorably to Nwaubani, that it is also met, though we are doubtful that he has shown the denial of injunctive relief has caused serious, if not irreparable harm.[8]

---

[8] Nwaubani argues that he suffers irreparable harm in the form of "loss of his salary and benefits and the resulting consequences like health complications, and diminished living standards," as well as from the continued deprivation of his First and Fourteenth Amendment rights. While the loss of salary and its collateral consequences may be difficult circumstances for the bearer, they infrequently rise to the level of irreparable harm required for a preliminary injunction, see Sampson v. Murray, 415 U.S. 61, 91-92 (1974) (holding that a terminated government employee's loss of income and damage to reputation "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction"), and we are doubtful that the circumstances of Nwaubani's case clear that hurdle here. It is likewise unclear that Nwaubani has shown a threat of ongoing harm from the alleged deprivation of his constitutional rights, such that he would be entitled to injunctive relief. Our doubts notwithstanding, the irreparable harm question is one that overlaps with the merits of the preliminary injunction motion, and we decline to reach the question before the district court has an opportunity to do so.

Yet, even assuming these first two requirements are met, we lack jurisdiction because Nwaubani fails to meet the third requirement in that he cannot show that the order is only effectively challenged on immediate appeal. Colombani, 712 F.3d at 12.

Nwaubani argues that immediate appeal is necessary because if he "awaits the final determination of his case, the damage to his property interest in continued employment at [the university] will have already been done." But at the time of the filing of this appeal, Nwaubani had already been terminated, so the damage to which he refers was already past. Furthermore, Nwaubani does not argue that any rights he may have if he succeeds on the merits, whether they be rights to back pay and money damages, or equitable remedies like declaratory judgment or reinstatement, are somehow less available to him after final judgment than they are now. Thus, we have no basis on which to conclude that this order can only be challenged effectively through immediate review, and so the third requirement is not met. Cf. Sherri A.D. v. Kirby, 975 F.2d 193, 203-04 (5th Cir. 1992) (finding the third requirement met because an interlocutory order effectively denying services to a severely disabled child could have resulted in deterioration of the child's cognitive and social skills and deny her a public education). We conclude we lack jurisdiction.

Having no jurisdiction over the underlying decision to consolidate the motion for preliminary injunction with trial, we also lack jurisdiction over the district court's denials of Nwaubani's motions to reconsider its order. Accordingly, this appeal is dismissed.