14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Diana JACKSON, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 No. 92-3045.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 29, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Diana Jackson appeals the denial of her request for a temporary restraining order ("TRO") against the Federal Bureau of Investigation ("FBI"). She brought suit alleging that the FBI conspired to torture, harrass and kill her after she reported an incident of police brutality by the Chicago Police Department to the FBI. She also asserted that the FBI is retaliating against her because she reported an individual responsible for the forgery of government documents to the U.S. Secret Service, and that this person "was in league" with the Chicago police officers.
 
 
 2
 The grant or denial of a TRO is a nonappealable order. Cf. 28 U.S.C. Sec. 1292(a)(1) (allowing appeals of preliminary injunction motions). A TRO exists for a brief period of time, and is ex parte and informal. Geneva Assurance Syndicate, Inc. v. Medical Emergency Services Associates, 964 F.2d 599, 600 (7th Cir.1992). No exception to this general principle is applicable here. Sampson v. Murray, 415 U.S. 61, 86 (1974) ("a [TRO] continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction"); Diginet, Inc. v. Western Union ATS, Inc., 958 F.2d 1388, 1392 (7th Cir.1992) (same); Doe v. Village of Crestwood, 917 F.2d 1476, 1477 (7th Cir.1990) (failure to review would deny the appellant all meaningful relief), cert. denied, 112 S.Ct. 3025 (1992); Stricklin v. Regents of University of Wisconsin, 420 F.2d 1257, 1259 (7th Cir.1970) (injunctive order appealable where it was entered after notice, a hearing, the consideration of affidavits, findings of fact and conclusions of law, and the grant of substantive relief). But see Office of Personnel Management v. American Federation of Government Employees, AFL-CIO, 473 U.S. 1301, 1305 (1985) (appellate court had no jurisdiction where denial of TRO was not a de facto denial of a preliminary injunction).
 
 
 3
 The FBI was not served with the complaint, nor was it present at the hearing. Instead, the "hearing" served simply as a forum for the judge to deny the TRO based on the insufficiency of the motion filed. No witnesses were heard, no further arguments were presented, and no other evidence was considered. Because Jackson's motion properly is construed as a TRO, we DISMISS for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record