**James A. SMITH, Plaintiff–Appellant,**

v.

**Matthew J. FRANK, et al.,
Defendants–Appellees.**

No. 03–2920.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.*

Decided May 14, 2004.

James A. Smith, Boscobel, WI, pro se.

Peggy A. Lautenschlager, Maura F.J. Whelan, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Wisconsin inmate James A. Smith filed a pro se suit under 42 U.S.C. § 1983, claiming, among other allegations, that prison officials had "terrorized" him, "tortured" him, poisoned his food, and denied him adequate medical care. The district court denied Smith's request for a preliminary injunction, and Smith filed this interlocutory appeal. We dismiss the appeal as moot.

■ We turn briefly to the question of our jurisdiction under 28 U.S.C. § 1292(a)(1). At times the parties and the district court referred to Smith's request for emergency relief as a motion for a temporary restraining order; this is significant because the denial of a motion for a TRO is not appealable. *See Geneva Assur. Syndicate, Inc., v. Med. Emergency Serv. Assoc.*, 964 F.2d 599, 600 (7th Cir. 1992); *Doe v. Village of Crestwood*, 917 F.2d 1476, 1477 (7th Cir.1990). However, nomenclature does not determine whether an order is a TRO or a preliminary injunction, *see Doe*, 917 F.2d at 1477, and the record makes clear that the district court treated Smith's request for relief as a motion for a preliminary injunction rather than a TRO. "The essence of a temporary restraining order is its brevity, its ex parte character and ... its informality." *Geneva Assur. Syndicate*, 964 F.2d at 600. Here the court gave the non-moving party notice and an opportunity to be heard, conducted a full hearing, and contemplated whether to grant relief pending trial. Accordingly, the district court's order is appealable under 28 U.S.C. § 1292(a)(1). *See Doe*, 917 F.2d at 1477.

■ Even though the district court's order is appealable, we lack jurisdiction to review it. Our jurisdiction is limited to "live cases and controversies," and when the issues presented are no longer live, the case becomes moot and must be dismissed.

*See* U.S. CONST. art. III, § 2; *Tobin for Governor v. Ill. State Bd. of Elec.*, 268 F.3d 517, 528 (7th Cir.2001). While this interlocutory appeal was pending, on April 30, 2004, the district court entered a final judgment in the case. *See Smith v. Frank*, No. 03–C–208 (E.D.Wis. Apr. 29, 2004). The district court's judgment renders this appeal moot. *See Burgess v. Ryan*, 996 F.2d 180, 184 (7th Cir.1993) (appeal from preliminary injunction order is moot once the district court grants or denies permanent relief); *Hankins v. Temple Univ.*, 829 F.2d 437, 438 n. 1 (3rd Cir.1987) (interlocutory appeal from denial of motion for preliminary injunction rendered moot by issuance of district court's final order on the merits); *Amer. Postal Workers Union, AFL–CIO v. United States Postal Serv.*, 764 F.2d 858, 860 n. 3 (D.C.Cir.1985) (same).

Accordingly, the appeal is DISMISSED.