In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-1806

ANTHONY WHEELER,

*Plaintiff-Appellant*,

*v.*

WEXFORD HEALTH SOURCES, INC., *et al.*,

*Defendants-Appellees*.

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 11-cv-0839-MJR — **Michael J. Reagan**, *Judge*.

---

SUBMITTED JULY 20, 2012— DECIDED JULY 23, 2012[†]

---

Before EASTERBROOK, *Chief Judge*, and WOOD and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. In September 2011, Anthony Wheeler filed a complaint alleging that prison officials and the prison's medical provider, Wexford Health Sources, have refused to provide effective care for his golf-ball-size hemorrhoids, leaving him in excruciating pain. Documents submitted with the complaint show that Wheeler is not fantasizing. (The complaint presents other grievances too, but this is the only one we need consider on this appeal.)

District judges must screen prisoners' complaints before or "as soon as practicable after" docketing to ensure that the targets of frivolous or malicious suits need not bear the expense of

---

[†] This opinion is being issued in typescript. A printed copy will follow.

responding. 28 U.S.C. §1915A(a). Yet even though this complaint alleges that defendants have ignored severe ongoing pain from a medical condition—allegations that state a claim for relief under the eighth amendment and 42 U.S.C. §1983, see *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976)—the district judge to this day has not screened the complaint under §1915A. Defendants have not been served; the litigation is stalled. Congress has the authority to require judges to expedite particular matters, see *Miller v. French*, 530 U.S. 327 (2000), and §1915A(a) exercises that authority. Ten months exceeds any understanding of "as soon as practicable". Delay is especially hard to understand when the complaint plausibly alleges a serious ongoing injury.

Contemporaneously with his complaint, Wheeler requested a preliminary injunction that would compel the defendants to arrange for the operation he thinks essential. He also asked the judge to recruit counsel to assist him. The district judge did not act on either motion. On January 5, 2012, Wheeler filed a second motion for injunctive relief; the court did not address that one either. Nor did the court rule on Wheeler's renewed request for counsel, or either of his motions for the appointment of a medical expert.

On January 24 Wheeler filed his third motion for injunctive relief. In a brief order on March 28 the judge declined to afford relief. The court stated (emphasis in original): "Plaintiff's allegations fail to set forth specific facts demonstrating the likelihood Plaintiff will suffer immediate and irreparable harm *before the Defendants can be heard*. Moreover, Plaintiff's motions seek similar relief to that sought in his complaint, which is still awaiting preliminary review by this Court. Furthermore, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officers and their staff." Wheeler has appealed, as 28 U.S.C. §1292(a)(1) allows.

The district court's three grounds for denying Wheeler's motions are inadequate, individually and collectively. The judge was right to say that equitable relief depends on irreparable harm, even when constitutional rights are at stake. See *Sampson v. Murray*, 415 U.S. 61, 88–92 (1974). To the extent the judge may have believed that pain *never* constitutes irreparable injury, however, he was mistaken. See *Harris v. Board of Supervisors*, 366 F.3d 754, 766 (9th Cir. 2004). To the extent that the judge be-

lieved that his delay in screening the complaint justifies denying relief (the apparent import of the italicized clause in the first sentence, and the whole of the second sentence), he was very far wrong. A judge's failure to act earlier is a reason to act *now*, not a reason to deny an otherwise meritorious motion. Just as prison administrators must deal promptly with their charges' serious medical problems, so federal judges must not leave litigants to bear pain indefinitely. As for the third reason: Wheeler did not ask the judge to "take over administration of a prison"; he asked the judge to order the prison to honor his constitutional right to care for a serious medical condition. A prisoner's view of optimal medical treatment can be a weak ground for superseding the views of competent physicians, but prisoners are not invariably wrong. Judges regularly must decide whether physicians have ignored a serious medical problem (or, in tort litigation, whether physicians have committed malpractice).

Until evidence has been submitted, it is not possible to know whether Wheeler really is suffering irreparable harm and otherwise has a good claim for relief. (Irreparable injury is only one of the conditions a plaintiff must satisfy to obtain a preliminary injunction. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).) But the district court's failure to comply with the statutory command to screen complaints promptly has made the receipt and consideration of evidence impossible.

This complaint should have been screened before the end of September 2011. The district court must complete that task swiftly. On the day our mandate is received, the judge must authorize service of process on all defendants involved in the treatment of Wheeler's hemorrhoids. The court must give these defendants a short time to respond to the motion for a preliminary injunction and promptly conduct an evidentiary hearing to determine whether Wheeler is entitled to relief. Because the hearing may require evidence from medical experts, the district judge should give serious consideration to recruiting counsel to assist Wheeler. See *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

Wheeler did himself no favors by filing a complaint naming 36 defendants, several of whom (including the current and immediate past governors of Illinois) have no conceivable relation to his medical care. The more claims and defendants in a complaint, the longer screening will take. The more frivolous claims

in a complaint, the more a judge is apt to infer (if only subconsciously) that the plaintiff is crying wolf with respect to all of the claims.

The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants. A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. See Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences". Rule 20(a)(1)(A).) A district judge should be able to spot a complaint violating Rules 18 and 20 within days of its filing, and solve the problem by severance (creating multiple suits that can be separately screened) or dismissing the excess defendants under Fed. R. Civ. P. 21. See *Lee v. Cook County*, 635 F.3d 969 (7th Cir. 2011). It is never necessary to wait months on end to deal with a complaint that contains unrelated claims against multiple defendants.

The order under review is vacated, and the case is remanded with directions to proceed according to this opinion. The mandate will issue today.