In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3294

ANTHONY WHEELER,

*Plaintiff-Appellant,*

*v.*

PAUL TALBOT,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 12-CV-2281 — Michael P. McCuskey, *Judge.*

SUBMITTED AUGUST 28, 2014[*] — DECIDED OCTOBER 20, 2014

Before WOOD, *Chief Judge*, and EASTERBROOK and RIPPLE,
*Circuit Judges*.

WOOD, *Chief Judge*. Anthony Wheeler, an Illinois prisoner, filed this civil-rights suit against his prison's medical director, Dr. Paul Talbot, for alleged deliberate indifference to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 32(a)(2)(C).

two serious medical needs. See 42 U.S.C. § 1983. (Other defendants and claims are irrelevant to this appeal.) Wheeler first alleges that he experiences excruciating pain from "large and protruding" keloids (growths of scar tissue) on his chest, hips, and legs. He also alleges that he tested positive for a stomach infection caused by the bacterium helicobacter pylori. Dr. Talbot, according to Wheeler, ignored both conditions. The district court allowed the keloid claim to proceed but dismissed the h. pylori claim because the blood-test results that Wheeler attached to his complaint establish that he tested negative for the infection. The court then denied a motion from Wheeler that requested a "temporary restraining order and preliminary injunction" requiring Dr. Talbot to refer Wheeler immediately to "a suitable doctor." The court's order denying the motion states in full: "TEXT ORDER denying Motion for Preliminary Injunction. This court concludes that there is no basis for injunctive relief in this case." Wheeler appeals the denial under 28 U.S.C. § 1292(a)(1).

Despite its explicit reference to a preliminary injunction, the district court's order might be read as denying only Wheeler's motion for a temporary restraining order. One reason to do so is that a court may not issue a preliminary injunction without advance notice to the adverse party, FED. R. CIV. P. 65(a)(1), and Dr. Talbot had not yet been served when the district court acted on Wheeler's motion.[1] Another

---

[1] The record shows that the defendants were not served until after the district court denied the motion. Wheeler nonetheless appended a "proof of service" notice to his filings. Even so, we see nothing to indicate that he was trying to mislead the district court. The court was responsible for authorizing service, and it had explained to Wheeler in an

is that the district court must provide reasons for denying preliminary injunctive relief, see FED. R. CIV. P. 52(a)(2); CIR. R. 50, but the court did not do so here. If the better understanding of the court's order is that it denied only the portion of Wheeler's request that sought a temporary restraining order, then, as our dissenting colleague points out, we would be required to dismiss this appeal for lack of jurisdiction. See *Cnty., Mun. Emps.' Supervisors' & Foreman's Union Local 1001 v. Laborers' Int'l Union of N. Am.*, 365 F.3d 576, 578 (7th Cir. 2004).

We think it best, however, to take the district court at its word. The court certainly knew the difference between a TRO and a preliminary injunction, and its order specified that it was denying Wheeler's motion for a "preliminary injunction" because there was no basis for "injunctive relief." This understanding of the district court's order is not undermined by Rule 65(a)'s requirement that adverse parties receive notice before preliminary injunctions are *issued*, for Wheeler's motion was denied. See *Kellas v. Lane*, 923 F.2d 492, 496 (7th Cir. 1990) (concluding that lack of notice to adverse parties was a "non-issue" because the motion for preliminary injunctive relief was denied). Construed as the denial of a preliminary injunction, this is an order that properly may be appealed immediately. See 28 U.S.C. § 1292(a)(1).

As we mentioned, the district court failed to supply reasons for denying preliminary injunctive relief. Ordinarily we would remand the case and require the court to supply those

---

earlier order that "no Defendants have been served and no Defendants have appeared in this action." It is more likely that Wheeler did not understand that this statement should have been omitted.

reasons. See *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996); *Sims v. Lucas*, 9 F.3d 1293, 1294 (7th Cir. 1993); *DiLeo v. Ernst & Young*, 901 F.3d 624, 626 (7th Cir. 1990). But that step is not necessary here because, even ignoring the lack of advance notice to Dr. Talbot, there is enough in this record to demonstrate that the requested relief—immediate referral to another doctor—is unwarranted. Wheeler's h. pylori claim provides no basis for a preliminary injunction because the lab results on which he relies refute that claim. Nor has Wheeler presented evidence that could support an immediate referral to treat his keloids. He asks us to rely on the medical records attached to his brief, but those records, which relate to two appointments with the prison's medical staff, do not help him. The records reflect that Wheeler told the staff that his keloids hurt and "periodically ooze[] puss [*sic*]." But the staff noted in those records that he showed no "obvious discomfort" and observed that his "skin integrity is intact" and his keloids are "small." Staff also instructed Wheeler to take acetaminophen for pain relief and to return if his symptoms got worse. This evidence, which is all that he supplied, shows neither that Wheeler will experience irreparable harm without a preliminary injunction nor that his deliberate-indifference claim against Dr. Talbot has a reasonable likelihood of success. Because Wheeler does not meet the requirements for preliminary relief, see *Munaf v. Geren*, 553 U.S. 674, 690 (2008); *Stuller, Inc. v. Steak N Shake Enters.*, 695 F.3d 676, 678 (7th Cir. 2012), the district court did not abuse its discretion in denying Wheeler's motion.

AFFIRMED.

RIPPLE, *Circuit Judge*, dissenting. I cannot agree with the majority's determination that the district court's July 23, 2013, order denying "injunctive relief" was the denial of a motion for a preliminary injunction. Given the context in which the order was issued and the district court's earlier acknowledgment of the steps that would be necessary before entering a preliminary injunction, I believe that we must construe the district court's ruling as a denial of a temporary restraining order. Because it is well established that we do not have appellate jurisdiction to review a district court's denial of a temporary restraining order, I would dismiss the appeal for lack of jurisdiction.

The procedural context in which a district court addresses a request for injunctive relief is always important. Under 28 U.S.C. § 1915A, a district court must review the complaint in all civil actions in which a prisoner seeks redress from a governmental entity, officer or employee. The court is tasked with identifying cognizable claims and dismissing those that fail to state a claim upon which relief may be granted. It was during the § 1915A screening process that the district court considered Mr. Wheeler's motion.

Mr. Wheeler filed his initial complaint on October 23, 2012. In a November 1, 2012, order, the district court outlined the procedure it would utilize to complete the screening process under § 1915A. The court notified Mr. Wheeler that, during an upcoming video conference with the court, he would be required to identify each of his claims and to identify each of the defendants.

During the screening process, the district court held several "merit review hearings."[1] The first hearing was held on November 15, 2012, after which Mr. Wheeler was instructed to amend his complaint to "specify[] what other defendants have done."[2] On December 4, Mr. Wheeler filed his motion requesting a temporary restraining order or preliminary injunction. He filed his second amended complaint on December 11, and the court scheduled a second merit review hearing for January 28, 2013.

On January 25, 2013, the court issued an order disposing of nine pending motions. At that time, the court refrained from acting on Mr. Wheeler's motion for a temporary restraining order or preliminary injunction. The district court stated that, before it would award injunctive relief, it would allow the defendants to respond and receive evidence on the issue.[3] Specifically, the district court referenced our decision in *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012), and stated that, before it would rule on Mr. Wheeler's "Emergency Motion for Leave to File

---

[1]   We have prohibited the oral examination of a plaintiff by the court in order to elicit answers that will enable the court to resolve contestable factual issues during the screening process. *See Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2013). We have instructed that a district court may review a complaint to determine whether it states a valid claim. If the court is skeptical from its reading of the complaint, it may institute a summary judgment proceeding. *Id.* A district court may also interview the plaintiff to clarify an unclear pro se complaint. *See id.* at 734. It is unclear from the record whether the district court's merit review hearings in this case went beyond clarifying the complaint.

[2] Nov. 15, 2012 Docket Entry.

[3] R.27 at 8.

Temporary Restraining Order and Preliminary Injunction" and grant the "extraordinary step of awarding injunctive relief," it needed to hear from the defendants and receive evidence on the issue.[4] Accordingly, the court took Mr. Wheeler's motion under advisement.

At the January 28 hearing, later changed to a status conference, the court directed Mr. Wheeler to consolidate his claims in a third amended complaint and indicated that it would complete its screening after the amended complaint was filed. The court held its final merit review hearing on March 27, 2013. On June 25, 2013, the court concluded that Mr. Wheeler's complaint failed to state a claim with regard to counts 1, 4, 5 and 7. On June 28, 2013, the court spoke with Mr. Wheeler by telephone, and the status of the case was discussed.

Six months after its January 25 order, without authorizing service of process to the defendants or conducting an evidentiary hearing, the district court entered its "text order" that simply stated that "[the] court concludes that there is no basis for injunctive relief in this case."[5] The docket entry characterized the court's order as denying Mr. Wheeler's "Motion for Preliminary Injunction."

My colleagues rely on the wording of the text order. With great respect, I cannot accept the court's methodology or its

---

[4] R.27 at 7–8 (citing *Wheeler*, 689 F.3d at 682).

[5] Under Local Rule 5.9 of the United States District Court for the Central District of Illinois, "[t]he assigned judge may grant routine orders by a text-only entry upon the docket. When text-only entries are made, no separate .pdf document will issue; the text-only entry will constitute the Court's only order on the matter."

resulting characterization of the district court's order as denying a preliminary injunction. First, we ought to note the precise nature of the action that the district court was asked to take. Pending before the district court, at a very early stage of the proceedings—before the defendants had even been served—was a motion for *either* a temporary restraining order or a preliminary injunction.[6] Second, the majority's reliance on the docket entry's "explicit reference to a preliminary injunction"[7] needs some refinement: The reference on which the majority relies is to the *title* of Mr. Wheeler's motion on the docket.[8] It is not clear whether the district court or the clerk so titled the disposition of Mr. Wheeler's motion. The docket entry only provides that the district court did not think that there was a "basis for injunctive relief."[9] But even if the district court were to have titled Mr. Wheeler's motion in the docket entry, the title's focus on the preliminary injunction does not alter the substance of the motion; the motion requested *both* a temporary restraining order and a preliminary injunction.

The ambiguity in the docket entry disappears, however, when it is considered in the context of the district court's earlier January 25 order. In that order, the district court specifically had stated that it would notify the defendants and receive evidence before ruling on the motion. At the time the court entered the July 23, 2013, order, the court had

---

[6] *See* R.9.

[7] Majority Op. at 2.

[8] *See* July 23, 2013 Docket Entry.

[9] *Id.*

just completed its screening of the complaint. Indeed, the defendants would not be served with notice of the complaint until August 21, and at no point between January 25 and July 23, did the district court receive evidence. Interpreting the July 23 order as the denial of a preliminary injunction thus assumes that the experienced district court, although acutely aware of the steps necessarily antecedent to the entry of preliminary injunctive relief, nevertheless proceeded in a manner inconsistent with the settled law of this circuit[10] and, indeed, of the Country,[11] and inconsistent with its own prior statement of the proper method of proceeding.

---

[10] *See Wheeler*, 689 F.3d at 682–83; *cf. Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) ("Rule 65(b) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies the opportunity to be heard. Hearing requires trial on the issue or issues of fact. Trial on the issue of fact necessitates opportunity to present evidence and not by only one side of the controversy." (internal quotation marks omitted)).

[11] *See* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2949 (3d ed. 2013) ("Although the timing requirements are applied flexibly in practice, the underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts."); *see also Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting Federal Rule of Civil Procedure 65 requires that a party be given "ample opportunity to present their respective views on the legal issues involved" (internal quotations omitted)); *Reed v. Cleveland Bd. of Ed.*, 581 F.2d 570, 573 (6th Cir. 1978) ("We have held that [Rule 65] contemplates that the issuance of a preliminary injunction shall be upon notice to the adverse party and after a hearing. A hearing embodies the right to be heard on the controverted facts, as well as upon the law." (internal quotation marks omitted)); *Consolidation Coal Co. v. Disabled Miners of S. West Virginia*, 442 F.2d 1261, 1269 (4th Cir. 1971) ("As we view the record, we can only

In my view, we should rely not on an oversimplified docket entry by someone in the district court, but on the manifest intent of the experienced district court, acting in conformity with established law. It is far more sensible to conclude that the district court oversimplified the title of Mr. Wheeler's motion than to conclude that the court meant to issue a conflicting order.[12] The district court focused on our admonition in *Wheeler* that it should receive evidence before denying a preliminary injunction. In *Wheeler*, the district court had denied the plaintiff's motion for a preliminary injunction before completing its screening of the complaint. *See* 689 F.3d at 682. We vacated the order and instructed the district court to authorize service of process to the defendants and conduct an evidentiary hearing to determine whether the plaintiff is entitled to relief before ruling on a motion for a preliminary injunction. *See id.* at 682–83. Here, the district court specified that it would do just that.

Moreover, the court's handling of the motion is consistent with ruling on a temporary restraining order.

conclude that for practical purposes plaintiffs obtained an *ex parte* preliminary injunction in a case in which there were sharply disputed questions of fact and of law. This was manifestly error, because Rule 65(a)(1) is explicit that no preliminary injunction shall be issued without notice to the adverse party." (internal quotation marks omitted)).

[12] The docket offers no additional insight into the meaning of the court's order. While the district court directed the clerk to construe Mr. Wheeler's "Motion for Leave to File Interlocutory Appeal" as a "regular" notice of appeal under 18 U.S.C. § 1292(a)(1), *see* Oct. 16, 2013 Docket Entry, that edict does not lend support to the majority's interpretation of the court's prior order.

"Nomenclature does not determine whether an order is a preliminary injunction… ." *Doe v. Vill. of Crestwood*, 917 F.2d 1476, 1477 (7th Cir. 1990); *see also Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 582 F.3d 131, 133 (1st Cir. 2009) (noting that characterizations by the district court or the parties are not dispositive and that "[u]nder our case law, an order has the practical effect of refusing an injunction if there has been a full adversary hearing, or, in the absence of review, further interlocutory relief is unavailable"). "The essence of a temporary restraining order is its brevity, its ex parte character and…its informality." *Geneva Assur. Syndicate, Inc. v. Med. Emergency Servs. Assocs. S.C.*, 964 F.2d 599, 600 (7th Cir. 1992). Indeed, this proposition is so well established that we have usually articulated it in unpublished orders.[13] Here, the district court did not serve the defendants with notice, hold a hearing or consider evidence. To borrow from an oft-quoted proverb, if it walks like a temporary restraining order and quacks like a

---

[13] In *Jackson v. FBI*, 14 F.3d 604 (7th Cir. 1993) (unpublished table decision), we held that a denial of an injunction was properly construed as a temporary restraining order and therefore not appealable because "[t]he FBI was not served with the complaint, nor was it present at the hearing. …No witnesses were heard, no further arguments were presented, and no other evidence was considered." *Id.*; *see also Smith v. Frank*, 99 Fed. App'x 742, 743 (7th Cir. 2004) (interpreting an ambiguous order as denying a motion for a preliminary injunction, instead of a temporary restraining order, when the court "gave the non-moving party notice and an opportunity to be heard, conducted a full hearing, and contemplated whether to grant relief pending trial").

temporary restraining order, it must be a temporary restraining order.[14]

Because the court's order is best interpreted as only addressing Mr. Wheeler's request for a temporary restraining order, I would hold that we lack jurisdiction over the appeal.

---

[14] The court's reliance on *Kellas v. Lane*, 923 F.2d 492 (7th Cir. 1990), ignores entirely the crucial issue of context. That case did not involve the § 1915A screening procedure. There is, moreover, no indication that the plaintiff ever sought a temporary restraining order rather than preliminary relief. The *Kellas* panel's harmless error analysis of jurisdictional defects hardly has withstood the test of time in this court or any other court. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 n.3 (1988) (rejecting contention that courts should apply harmless-error analysis because it "misunderstands the nature of a jurisdictional requirement: a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court"). To the extent that *Kellas* may be read as standing for the proposition that all denials of temporary restraining orders may be appealed, it is clearly a derelict in the stream of the law.