**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018[*]
Decided March 23, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 17-2979 | |
| | |
| SEAN ANTHONY McNUTT, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Eastern District |
| | of Wisconsin. |
|     *v.* | |
| | No. 17-CV-375-JPS |
| WILLIAM SAVAGAIN & | |
| RYAN DEWITT, | J. P Stadtmueller, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Sean McNutt, a prisoner seeking in forma pauperis status, filed a lawsuit in which he alleged that police officers illegally eavesdropped on a telephone call, and he consented to a magistrate judge deciding the case, *see* 28 U.S.C. § 636(c). The magistrate judge screened the complaint, dismissed it for failure to state a claim, and entered judgment before the defendants were served. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii);

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

1915A(b)(1). McNutt then moved for leave to amend his complaint. After the magistrate judge denied the motion, McNutt appealed. We did not reach the merits of that appeal, however, because McNutt's consent alone had been insufficient to give the magistrate judge authority to enter a final judgment. *See Coleman v. Labor & Industry Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). We therefore vacated the judgment and remanded the case. Then, a district judge independently screened the complaint and dismissed it for failure to state a claim. A separate judgment followed.

On appeal McNutt argues that the district judge lacked jurisdiction to dismiss the complaint because the defendants were never served with process and therefore "never had any occasion to consent, or not, to proceed before a magistrate judge." This argument appears to be premised on a misunderstanding of our remand based on *Coleman*. District judges, unlike magistrate judges, do not require the consent of all parties to enter final judgment. *See Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1040 (7th Cir. 1984) ("The fact that magistrates can exercise their authority only with the litigants' consent is a significant distinction from the nature of the authority exercised by the district judges."). Thus, a final judgment must be entered *either* by a district judge *or* by a magistrate judge presiding with the parties' consent. McNutt is simply mistaken about the need for the defendants' consent to the district judge's jurisdiction.

McNutt also appears to challenge the district court's authority to dismiss his complaint before the defendants were served with process. But the Prison Litigation Reform Act provides that a district court must screen a complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C.A. § 1915A. So the district court was not required to wait for service on the defendants before screening the complaint. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case *at any time*…") (emphasis added); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (district court "may screen the complaint prior to service on the defendants."). Indeed, district courts *should* screen the complaint before service, "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012).

McNutt raises no arguments in his brief concerning the merits of the dismissal. Thus, because there is no jurisdictional issue, the judgment of the district court is AFFIRMED.