NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018*
Decided April 12, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2580

| | |
|---|---|
| ANDRE WINSTON, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Central District of Illinois. |
| | |
| *v.* | No. 4:17-cv-04159 |
| | |
| GREGG SCOTT, et al., | Harold A. Baker, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This appeal presents us with another encounter with "merit-review hearings."
These are hearings that some district judges hold at the onset of a case to question a
pro se plaintiff about a complaint in order to determine its legal sufficiency. We have
ruled that these hearings "may be conducted only for the narrow purpose" of allowing

---

* The appellees were not served with process in the district court and are not
participating in this appeal. We have agreed to decide this case without oral argument
because the appellant's brief and the record adequately present the facts and legal
arguments, and oral argument would not significantly aid the court. *See* FED. R. APP.
P. 34(a)(2)(C).

a plaintiff to "clarify and amplify his complaint," and not "to cross-examine" or "elicit admissions." *See Hughes v. Farris*, 809 F.3d 330, 334–35 (7th Cir. 2015). Andre Winston, a civil detainee, appeals the dismissal after one of these hearings of his civil-rights suit against staff members of the Rushville Treatment and Detention Facility. Because Winston's complaint states a claim that the defendants denied him constitutionally adequate care for his mental health, and the district judge improperly conducted the hearing, we vacate the judgment and remand for further proceedings.

Winston's complaint raises two main concerns. The first is a due-process claim. He challenges a disciplinary ticket that charged him with sexual misconduct and insolence. A staff member charged that Winston, while having an erection, thrust his hips in her direction and said "look at these cookies." A disciplinary officer found Winston guilty of insolence and, Winston asserts, punished him with a loss of "all tasks" for 90 days; the charge of sexual misconduct was dropped. Winston insists that he did not receive due process and his behavior was inoffensive.

Winston's second concern is about the treatment of his mental health. He complains that staff at Rushville exhibited deliberate indifference when they denied his requests for a single-occupancy cell to avoid harm from his roommate. Other detainees, including his roommate, "bully" him because of his "mental disabilities" and "attack" him for his Christian faith. And according to Winston, the "irrational hostility" he receives from his roommate causes him significant "psychological harm," preventing him from sleeping more than two or three hours per night. Winston attached to his complaint grievances in which he raised these concerns with Rushville staff, to no avail.

The district judge dismissed Winston's complaint after a merit-review hearing. The hearing, conducted by telephone, lasted three minutes. At its start, the judge summarized Winston's complaint: "[Y]ou thrust your erect penis at one of the female employees, and now you have to share a room with another resident and so forth." The judge then let Winston briefly describe his due-process claim. When Winston finished, the judge asked if that claim was the "main problem." As soon as Winston said "correct," the judge abruptly ended the hearing. He gave this explanation:

> "Okay. All Right. Now, that—that's all I needed to know…[T]his is a frivolous lawsuit. We're going to dismiss it…We'll give him a strike. It's exactly the kind of case that we have no, no jurisdiction over. There's no statement of a—of a federal constitutional violation. That concludes the hearing."

The transcript of the hearing ends with Winston pleading "You didn't even let me finish, Your Honor." Later the judge issued a written order dismissing the case. The order states that "Plaintiff's complaint fails to state a claim for federal relief." Acknowledging Winston's two claims, the order also adds that "[P]laintiff cannot bring unrelated claims against different defendants in the same lawsuit."

On appeal Winston first reiterates his contention that the discipline violated his right to due process, but the district judge rightly dismissed that claim. Punishments that do not lengthen or "substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause." *Miller v. Dobier*, 634 F.3d 412, 414–15 (7th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 485–87 (1995)). Winston alleges that he was punished with 90 days of restriction from all "tasks." We assume that by "tasks" Winston means privileges, but he has no claim because a civil detainee's loss of privileges is not a deprivation of a protected liberty interest; thus due process is not at play. *See id.* (applying *Sandin* to claim involving civil detainee and concluding that loss of privileges did not trigger due-process protections).

But we agree with Winston that the district judge erred in dismissing his second claim—that the defendants denied him constitutionally adequate care for his mental health when they denied his requests for a single-occupancy cell. Winston stated a federal claim when he alleged that Rushville staff ignored the psychological harm that Winston's roommate inflicts on him. *See Hughes*, 809 F.3d at 334; *Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 668–69 (7th Cir. 2012). The judge did not allow Winston to amplify this claim at the hearing. Instead, after cutting off Winston before he could say anything about it, the judge wrote that he was dismissing this claim because it was unrelated to his first claim. The judge quoted *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), for the uncontroversial proposition that "Unrelated claims against different defendants belong in different suits." But "[m]isjoinder of parties is not a ground for dismissing an action." FED. R. CIV. P. 21. Rather, when a district judge determines that a plaintiff has misjoined parties, the judge should sever the complaint into multiple suits or dismiss the excess defendants. *See id.*; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Because the district court properly dismissed the due-process claim, only the medical-treatment claim remains, and thus we need not decide whether the two claims belonged in separate suits initially.

The judgment dismissing Winston's lawsuit is VACATED, and the case is REMANDED. Given this outcome, Winston did not incur a strike for filing this suit. *See* 28 U.S.C. § 1915(g); *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010).