NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided July 20, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2794

| | |
|---|---|
| JOSEPH HOBAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-CV-1024 |
| | |
| WEXFORD HEALTH SOURCES, INC., | Harold A. Baker, |
| et al., | *Judge*. |
| *Defendants-Appellees*. | |

## O R D E R

Joseph Hoban, an Illinois inmate, appeals the denial of his motion for a preliminary injunction to obtain treatment for his unresolved pain. Because the district court applied the wrong standard to Hoban's request and did not hold a hearing to assess the evidence documenting his need for treatment, we vacate and remand.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

This interlocutory appeal, authorized by 28 U.S.C. § 1292(a)(1), arises out of Hoban's suit against medical staff at Pontiac Correctional Center. Hoban had surgery years ago for an inguinal hernia, a protrusion of tissue into the groin's inguinal canal. He received a mesh implant to support the canal. In 2011, pain emerged where he had the implant. In the years that followed, Hoban's pain persisted and became severe. Hoban repeatedly complained of the pain to medical personnel at the prison, including Dr. Andrew Tilden, Pontiac's medical director. The treatment Hoban received, however, did not fully address the pain or its underlying cause.

In 2013, Hoban "felt a ripping and tearing sensation below [his] incision." By 2014, the pain had grown so excruciating that Hoban had to spend meaningful time in bed. He described the pain as "a deep throbbing and tearing sensation like being repeatedly stabbed in [the] lower-right pelvic area." Dr. Tilden responded by prescribing Hoban some medications for pain management. When this treatment provided little relief, Hoban wrote to Dr. Tilden in July 2014: "These medications do not help me. I need to consult with a surgeon. Please order me taken to the hospital for examination. I believe the mesh implant has malfunctioned. If it has, this could cause infection. This would become life threatening."

A prison doctor emailed Dr. Tilden in December 2014 about "the need to remove the mesh." He wrote that medical staff should "insure that the one [that Hoban] had inserted was not recalled." So far as the record shows, no one has followed up on this doctor's warning to determine if Hoban's mesh implant has malfunctioned or been recalled. The records show only that Dr. Tilden examined Hoban externally, for tenderness and new hernias, and ordered radiology reports focusing on Hoban's prostate, spine, and knee, not his mesh implant.

In December 2015, based on this record, Hoban sued under 42 U.S.C. § 1983, alleging that the refusal to follow the doctor's advice to investigate Hoban's mesh implant violated the Eighth Amendment. All along Hoban continued to seek medical treatment for his unaddressed pain. He then made several emergency motions for medical treatment, including one in May 2016 that was denied, and one for a preliminary injunction in August 2017, the denial of which we now consider on appeal. In his 2017 motion papers he continued to complain of persistent untreated pain and asked the court to order the defendants to have a specialist evaluate the mesh implant and diagnose the cause of his pain. Hoban also made clear to the district court his concern that a defective implant can cause permanent neurological damage and death.

Without requesting a response from the defendants or conducting a hearing to assess the evidence recounted above and submitted by Hoban in support of his motion for a preliminary injunction, the district court issued a one-paragraph denial. The court wrote that "it is not clear that Plaintiff would prevail on the merits" because (in a reference to the answer to the complaint) the "[d]efendants have denied Plaintiff's claims." The court added that Hoban "has a legal remedy available through the lawsuit he has filed," and that he would not suffer irreparable harm because his complaints "go back as far as 2011."

On appeal, Hoban argues that the district court improperly denied his motion for a preliminary injunction. First, Hoban contends that the district court denied the motion without an evidentiary hearing or otherwise evaluating his evidence of the need to examine the implant; instead it accepted as dispositive the defendants' denial of his complaint. Second, Hoban asserts that the court ignored his evidence of chronic pain and other potential consequences from a defective implant, even though chronic pain can be an irreparable harm. See *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012).

To obtain preliminary injunctive relief, Hoban needed to show the district court that (1) his underlying case had some likelihood of success on the merits, (2) he had no adequate remedy at law, and (3) he will suffer irreparable harm before the final resolution of his claims. See *HH-Indianapolis, LLC v. Consol. City of Indianapolis & Cty. of Marion, Ind.*, 889 F.3d 432, 437 (7th Cir. 2018). In assessing Hoban's request against this standard, the district court committed three legal errors.

First, the district court applied the wrong standard for likelihood of success. A "likelihood of success" requires only a "better than negligible" chance of succeeding on the merits. *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (quoting *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999)). The standard employed by the district court—a "clear" indication that the plaintiff would prevail—was therefore improper. See *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011) (noting that at the preliminary injunction phase "the threshold for establishing likelihood of success is low"). This error was not harmless. Hoban has presented evidence from a prison physician that, to evaluate the source of his excruciating pain, medical staff must determine if his mesh implant is part of a national recall—a check that, according to the record, has still not occurred. When the need for special treatment is known, the "obdurate refusal" to provide it can amount to deliberate indifference that

violates the Eighth Amendment. *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014); *Greeno v. Daley*, 414 F.3d 645, 654–55 (7th Cir. 2005).

Second, the district court wrongly assessed whether Hoban will suffer irreparable harm or has an adequate remedy at law. Even though Hoban has endured pain since 2011, his pain is ongoing and unresolved. In vacating another district court's refusal to hold a hearing on a prisoner's request for a preliminary injunction to address pain from untreated hemorrhoids, we wrote that the district judge was mistaken to believe that "pain *never* constitutes irreparable injury." *Wheeler*, 689 F.3d at 682 (emphasis in original). Further, beyond his excruciating pain, Hoban remains concerned about the prospect of permanent damage from what may prove to be a recalled mesh implant. The record contains no evidence of any follow-up in response to the prison doctor's 2014 email expressing concern regarding whether the inserted implant had been recalled. If a proper exam of his implant can prevent severe pain or permanent problems, Hoban may have no adequate remedy at law without the exam.

Third, the district judge incorrectly denied Hoban's motion on the ground that the defendants have "denied" Hoban's claims in their answer. The answer is unsworn and not evidence. Moreover, Hoban submitted evidence of his own. He documented his unresolved pain and the (apparently ignored) opinion of a prison doctor that the mesh implant must be examined to see if it has been recalled. As we made plain in *Wheeler*, when an inmate seeking preliminary relief has submitted documents showing that he is "not fantasizing" about readily available treatment for severe pain, the district court should "conduct an evidentiary hearing to determine whether [the inmate] is entitled to relief." *Id.* at 683. And "because the hearing may require evidence from medical experts, the district judge should give serious consideration to recruiting counsel to assist" the pro se inmate, here Hoban. *Id*.

We close with two observations. First, we express no opinion about the outcome of the evidentiary hearing, only that the district court must conduct one and apply the correct legal standards in determining whether preliminary relief is proper. Second, we note that one form of relief that Hoban requested is moot. He asked to be treated in Pontiac's General Medical Clinic. But Hoban informed us in his filings that he was recently transferred to Lawrence Correctional Center. Because of his transfer, and because he has not alleged that he is likely to return to Pontiac, that request is now moot. See *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

The judgment is VACATED and the case REMANDED for further proceedings consistent with this order. Circuit Rule 36 shall apply on remand.