NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 19, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| No. 21-2941 | Appeal from the United States District Court for the Central District of Illinois. |
| STEVE L. MANSON, *Plaintiff-Appellant*, | |
| *v.* | No. 3:20-cv-03249-MMM |
| WESTERN ILLINOIS CORRECTIONAL CENTER, *Defendant-Appellee*. | Michael M. Mihm, *Judge*. |

**O R D E R**

While he was an inmate at Western Illinois Correctional Center, Steve Manson mailed to the United States Attorney's Office copies of more than 400 pages of grievances he had filed within the prison system. The Office put them in a box and sent them to the United States District Court for the Central District of Illinois, which treated them as a complaint. This irregular way to commence a suit—it lacked both a plaintiff and a defendant—has led to a sprawling mess whose resolution Manson contests on appeal.

---

[*] The defendant was not served with process and has not participated in this appeal, which we are deciding without oral argument because the brief and record suffice. See Fed. R. App. P. 34(a); Cir. R. 34(f).

A district judge directed Manson to replace the box with a complaint, and Manson did so, though the complaint was scarcely less extensive than the contents of the box. Manson proceeded as if one suit could resolve every complaint that he had ever had against anyone at the prison. Yet he never named anyone as a defendant, though the body of the complaint mentions at least ten persons. Before the district judge could screen this complaint under 28 U.S.C. §1915A, Manson filed another. The district court looked to that as the operative filing and dismissed it without authorizing service of process on the defendant—which remains identified as the prison itself, though Manson has never provided any reason for thinking that the prison, as an institution, could be liable under the criteria of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), or even that the prison is a juridical entity capable of being sued. A prison is a building, not a distinct component of Illinois or any state agency. The Illinois Department of Corrections would be a more plausible defendant (though *Monell* might entitle it to prevail), but Manson has never sought relief against the Department.

Manson's appellate brief mentions multiple grievances. He says that one health attendant smashed his hearing aids, that a supervisor overcharged him for copies of records and threatened to withhold all records in the future, that a nurse refused to allow him to see a physician, that a mailroom supervisor stole some of his mail and impeded communication with his family, that another employee denied him accommodations for his disabilities and refused to allow him to take a shower for some period, and that the Warden and Assistant Warden did not solve these problems when he asked. The complaint itself names some additional persons and grievances.

It is evident from even this quick recitation that these contentions do not belong in a single complaint and should not have been handled by the district court as one lawsuit. A plaintiff may join as many claims as he has against a single defendant, Fed. R. Civ. P. 18(a), but may join multiple defendants in a suit only if all of the defendants could be liable on a single claim, Fed. R. Civ. P. 20(a)(2). Manson may have the makings of several suits against several persons (or groups of persons), but he cannot turn 400 pages of internal grievances into an omnibus suit. See, e.g., *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Prisoners may not know how to separate their claims, but a district judge should enforce the limits on joinder. Judges have discretion in determining whether claims and parties are related for the purpose of joinder, and in solving misjoinder, but the district court's orders in this suit do not show us that the judge appreciated the problem or undertook to address it.

Plaintiffs who try to use one suit to handle a boxful of grievances cause multiple problems. One is that a sprawling suit can be hard to evaluate, a difficulty that has cropped up here. The district court's screening order does not mention several of the claims or theories that we see in Manson's complaint and brief—and we are not confident that we have found all of them ourselves. Instead of remanding with instructions to write a more comprehensive screening order, it seems better to remand with instructions to break this complaint down into components consistent with Rules 18 and 20. They will be easier to address, with reduced chance of error by omission.

A second problem is that §1915A(a) requires the district judge to screen the complaint "as soon as practicable" after its filing. We remarked in *Wheeler* that complex complaints cannot be screened in a timely fashion. We have no idea what a district judge is supposed to do with 400 pages of intra-prison grievances, even if the clerk's office decides to treat a ream of assorted papers as a complaint. Far better to dismiss such a "complaint" instantly and invite the prisoner to file documents that satisfy the Rules of Civil Procedure and name natural persons rather than buildings as defendants.

Still a third problem is that statutes and rules of court call for a filing fee to be paid for each case. Prisoners may seek to consolidate their grievances in order to avoid those fees (which must be collected from their prison trust accounts), but judges should not be complicit in avoiding Acts of Congress. The Prison Litigation Reform Act also limits to three the number of frivolous suits or appeals that a prisoner may pursue without prepaying the required fees. 28 U.S.C. §1915(g). This statute, too, should not be skirted by lumping multiple suits together. *George* stressed both of these points.

The judgment is vacated, and the case is remanded with instructions to proceed as appropriate under Rules 18, 20, and 21.